UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| REPUBLIC SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-2464 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| AMERICAN INTERNATIONAL | ) | [Re: Motion at Docket 28] |
| GROUP, INC. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 28, defendants American International Group, Inc. ("AIG"), Chartis,

Inc., AIG Risk Management, Inc. ("AIGRM"), and AIG Global Risk Management, Inc.

(collectively "defendants") move pursuant to Federal Rule 12(b)(6) to dismiss the

complaint for failure to state a claim.  Plaintiff Republic Services, Inc. ("Republic" or

"plaintiff") opposes the motion at docket 31.  Defendants' reply is at docket 34.  Oral

argument was held on June 7, 2011.

## II.  BACKGROUND

Republic is a waste management company.  In 2008, Republic merged with

Allied Waste Industries, Inc. ("Allied").  Republic is Allied's successor in interest.  AIG is

a holding company "engaged . . . in a broad range of insurance and insurance-related activities" through its subsidiaries.[1]

From 2001 through 2008, Allied entered "large deductible casualty programs, covering worker's compensation, employer's liability, general liability and automobile liability exposures" on an annual basis.[2]  The programs required Allied to post security. The amount of security "was a function of anticipated losses within Allied's deductible over the coming year . . . and projected exposures from prior program years."[3]  The total collateral requirement consequently varied from year to year, but was in excess of $200 million for each year that Allied participated in a program.  Republic rejected the insurers' proposal for 2009.  Republic alleges that the collateral requirement for 2009 was improperly inflated and that collateral was wrongfully retained subsequent to that rejection.

Republic sued defendants in Arizona state court for breach of "both the express and . . . implied terms of the contract."[4]  Republic also asserted a claim for breach of the implied covenant of good faith and fair dealing.[5]  The only contract attached to Republic's complaint was a Payment Agreement.[6]  The Payment Agreement reflects a

---

[1]Doc. 28 at 3.

[2]Doc. 1-1 ¶ 30.

[3]*Id.* ¶ 34.

[4]*Id.* ¶ 49.

[5]*Id.* at 10.

[6]Republic attached a Payment Agreement for Insurance and Risk Management services, effective September 30, 1999; a 2006 addendum to that agreement; and schedules of policies and payments effective from 1999 through 2009.  Republic also attached a Payment Agreement

contract between Republic and various insurance companies.  Although AIGRM is identified in the document's header, AIGRM is not a party to the Payment Agreement.

The case was removed to federal court on the basis of diversity jurisdiction.[7]

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[8]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[9]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[10]  To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]  "The plausibility standard is not akin to a 'probability

---

effective January 1, 2005, an addendum to that agreement and related schedules of policies and payments as well as a Payment Agreement effective January 1, 2007, an addendum to that agreement and related schedules.

[7]*See* doc. 1.

[8]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[9]*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[10]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[11]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[12]*Id.*

requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[13]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[14]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[15]

## IV.  DISCUSSION

**A.  Republic's Breach of Contract Claim is Not Adequately Pled**

### 1.  Defendants Are Not Parties to the Payment Agreement

In Arizona, a plaintiff must "prove the existence of [a] contract . . . breach of the same, and . . . resulting damages."[16]  Defendants maintain that "Republic has failed to identify any contract to which [they] are parties or provide any description of the contract [they] purportedly breached."[17]  The court agrees insofar as none of the named defendants are parties to the Payment Agreement attached to Republic's complaint. The Payment Agreement states explicitly that it is an agreement between National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and its affiliates, and Allied.  It is signed by representatives of National Union and Allied.  Because none of the named defendants are parties to the Payment Agreement, Republic has not

---

[13]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[14]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[15]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[16]*Clark v. Compania Ganadera de Cananea*, 387 P.2d 235, 238 (Ariz. 1963).

[17]Doc. 28 at 8.

stated a breach of contract claim that is plausible on its face based on the Payment Agreement.

Republic argues that AIG breached implicit contractual terms.  "The terms of a contract may be expressly stated or may be inferred from the conduct of the parties."[18] Republic's complaint, however, does not describe what conduct would have given rise to implicit terms or identify any implicit terms that were breached.  Consequently, Republic's claim for breach of contract based on the existence of implicit contractual terms is not adequately pled.

Republic argues that *Beaudry v. Insurance Company of the West*[19] supports its breach of contract claim insofar as Republic "has alleged that AIG controlled the collateral requirements, notwithstanding . . . that the Payment Agreements were executed by various insurance carriers controlled by AIG."[20]  However, there is no indication that in *Beaudry* the plaintiff entered into written agreements with third parties. Here, Republic attached contracts made with parties not named in the complaint. Moreover, even though "[t]here was no formal written agreement," the defendant in *Beaudry* did not dispute that there was an agreement between the parties.[21]  Finally, Republic did not plead any facts tending to show that AIG controlled the insurers.[22]

---

[18]*Beaudry v. Ins. Co. of the West*, 50 P.3d 836, 839 (Ariz. Ct. App. 2002).

[19]50 P.3d 836 (Ariz. Ct. App. 2002).

[20]Doc. 31 at 7–8.

[21]50 P.3d at 839.

[22]Republic devoted considerable space in its complaint to allegations that each named defendant "is the agent, successor or alter ego of, or . . . otherwise responsible for the acts" of the other named defendants and fictitious defendants.  Doc. 1-1 ¶¶ 10–29.  Those are legal

**2.  The Binder Agreements Are Not Operative**

Republic argues that AIG breached binder agreements entered into by the parties.  The binder agreements were not mentioned in or attached to the complaint.  Consequently, any claim based on the binder agreements is not pled in accordance with the federal pleading standard.  Moreover, as defendants correctly note in their response, Arizona Revised Statute § 20-1120 expressly provides that "[n]o binder shall be valid beyond the issuance of the policy with respect to which it was given, or beyond ninety days from its effective date, whichever period is the shorter."[23]  Any binder agreement voided on issuance of the corresponding policy.

At oral argument, Republic intimated that the binder agreements were not subject to § 20-1120 because they represented a negotiated deal between AIG and Allied.  However, the binder agreements contemplate that the Payment Agreements will supersede them.[24]

**B.  Republic's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Is Not Adequately Pled**

Republic also asserted a claim for breach of the implied covenant of good faith and fair dealing.  "While every contract contains implied covenants of good faith and fair

---

conclusions.

[23]A.R.S. § 20-1120(B).

[24]*See, e.g.*, doc. 31-2 at 107.  Although the binder agreements were not attached to the complaint, the court may consider them without converting defendants' 12(b)(6) motion into one for summary judgment.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (court may consider "documents incorporated into the complaint by reference").  The complaint refers to multiple contracts between the parties.  Doc. 1-1 at 7.  By contrast, certain affidavits relied on by plaintiff are not properly considered in ruling on a 12(b)(6) motion.

dealing, such covenants presume the existence of a valid contract."[25]  Because Republic has not adequately pled the existence of a valid contract between it and any of the named defendants, it has not adequately pled a claim for breach of the implied covenant of good faith and fair dealing.

## C. Leave to Amend

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[26]  Republic has requested leave to amend.[27]

## D. Arbitration Provision

Because Republic's claims are not adequately pled, the court need not consider the effect, if any, of the arbitration clause in the Payment Agreement.

## V.  CONCLUSION

For the reasons above, defendants' motion at docket 28 to dismiss the complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim is **GRANTED**.  Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair

---

[25]*Norman v. State Farm Mut. Auto. Ins. Co.*, 33 P.3d 530, 537 (Ariz. Ct. App. 2001).

[26]*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)).

[27]Doc. 31 at 15–16.

dealing are **DISMISSED** without prejudice to an amended complaint.  Plaintiff will have

14 days from the date of this order to file any such amended complaint.

DATED this 10th day of June 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE