UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| REPUBLIC SERVICES, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:10-cv-02464 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| CHARTIS, INC., *et al.*, | ) | [Re: Motion at Docket 46] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 46, defendants Chartis, Inc. ("Chartis") and several insurance companies (collectively "defendants") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim and, in the alternative, to compel arbitration pursuant to the Federal Arbitration Act. At the same docket entry, pursuant to the court's request, defendants support the court's exercise of subject matter jurisdiction. Plaintiff Republic Services, Inc. ("Republic" or "plaintiff") responds to the jurisdictional question at docket 47 and opposes the motion at docket 53. Defendants' reply is at docket 54. Oral argument was held on September 21, 2011.

## II.  BACKGROUND

Republic is a waste management company.  In 2008, Republic merged with Allied Waste Industries, Inc. ("Allied").  Republic is Allied's successor in interest.

From 2001 through 2008, Allied entered "large deductible casualty programs, covering worker's compensation, employer's liability, general liability and automobile liability exposures" on an annual basis.[1]  The programs required Allied to post security.  The amount of security "was a function of anticipated losses within Allied's deductible over the coming year . . . and projected exposures from prior program years."[2]  The total collateral requirement consequently varied from year to year, but was in excess of $200 million for each year that Allied participated in a program.  Republic rejected the insurers' proposal for 2009.  Republic alleges that the collateral requirements for 2009 and 2010 were not reviewed and that collateral was wrongfully retained.

Republic initially filed suit in Arizona state court, alleging breach of contract claims against Chartis, American International Group, Inc. ("AIG"), and various other defendants.  The case was removed to federal court in November 2011.  In June 2011, the court dismissed Republic's complaint for failure to state a claim and granted Republic leave to amend.[3]  In an order denying Republic's motion for reconsideration,

---

[1] Doc. 42 ¶ 26.

[2] *Id.* ¶ 30.

[3] Doc. 37.

the court expressed concern regarding subject matter jurisdiction and directed the parties to brief the issue.[4] Republic subsequently filed an amended complaint.[5]

The amended complaint alleges breach of contract claims against the actual issuers of Republic's insurance policies. In addition, the amended complaint includes a claim against Chartis for violation of an Arizona insurance fraud statute. At docket 45, the court granted defendants' request to combine briefing of the jurisdictional issue with their response to the amended complaint. The present motion followed.

### III. DISCUSSION

Removal was premised on diversity. Republic and Chartis are both citizens of Delaware. Defendants argue that Chartis is a sham defendant and therefore that its citizenship should not be considered in determining whether the court has diversity jurisdiction. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a [claim] against [the] resident defendant, and the failure is obvious according to the settled rules of the state."[6]

Defendants argue that Republic's claim against Chartis is barred by the statute of limitations. Republic's claim against Chartis arises under A.R.S. § 20-443. Claims under § 20-443 are subject to a one-year statute of limitations.[7] Section 20-443 forbids

---

[4]Doc. 41.

[5]Doc. 42.

[6]*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotations omitted).

[7]*Sparks v. Republic Nat. Life Ins. Co.*, 647 P.2d 1127, 1139 (Ariz. 1982); A.R.S. § 12-541(5).

-3-

issuance or circulation of materials "[m]isrepresenting the terms of any policy issued" and "[m]aking any misrepresentation to any policyholder for the purpose of inducing . . . the policyholder to . . . retain . . . any insurance policy."[8]  Republic maintains that Chartis violated those provisions by representing that it would review Republic's collateral requirement annually and return collateral as appropriate.[9]

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."[10]  Republic's § 20-443 claim arises out of the conduct set out in the original pleading and consequently, relates back to it.

To begin with, defendants argue that Republic's complaint does not allege the falsity of Chartis' statements concerning collateral reviews.  The complaint does allege falsity insofar as it states that Chartis represented that collateral reviews would be conducted annually and that because of the failure to renew, they were not.[11]  This argument fails.

Defendants also argue that Republic has not alleged any facts "that establish its claim accrued any time after November 12, 2008, the date of the most recent binder."[12]  Therefore, defendants maintain, because Republic's original complaint was filed on

---

[8] A.R.S. § 20-443(A)(1), (5).

[9] Doc. 42 ¶¶ 62–63.

[10] Fed. R. Civ. P. 15(c)(1)(B).

[11] Doc.42 at ¶¶ 62-63.

[12] Doc. 54 at 4.

September 27, 2010, the § 20-443 claim is time-barred. Republic responds that claims based on failure to conduct collateral reviews and return collateral in 2009 and 2010 are not time-barred. Defendants' argument confuses issuance of the binder–the source of the alleged misrepresentation–with the conduct putting Republic on notice that the representation was false. The complaint alleges that Allied and BFI Insurers, "should have conducted a collateral review at the end of 2009 . . . but . . . refused to do so" and that they did not conduct an annual review in 2010.[13]

Nothing establishes exactly when an annual review promised by Chartis would take place. However, a review was to take place annually, and its purpose was to make adjustments of the amount of collateral required in light of the then perceived risk. Thus, collateral reviews would continue well beyond the date the last binder was purchased, because claims would continue to be made that were the subject of the previously purchased insurance. In other words, Chartis' representation that there would be annual reviews did not evaporate when Republic elected not to participate further.

Defendants rely on the affidavit of Dave Spruance, Republic's Vice President of Risk Management. In his affidavit, Spruance stated that "in the first half of 2009" an employee of AIG Fusion Group "relayed that because Allied . . . had not renewed its 2009 casualty insurance program with AIG, and was no longer an 'active client,' AIG was not . . . subject to any review process or requirements to any future return of

---

[13]Doc. 42 ¶¶ 43, 44. *See generally id.* ¶¶ 37–47.

collateral."[14] Based on that language, Chartis maintains that Republic knew there would be no review in 2009, and consequently Republic's claim accrued "in the first half of 2009."[15] Spruance's affidavit, however, indicates that he was unconvinced by the unnamed employees' assertion. Spruance's affidavit makes clear that he believed the AIG Fusion Group employee's "position [was] contrary to the clear terms of the Binder Agreements [which] require[d] annual reviews of collateral."[16] Spruance also says he sent a letter to AIG in May 2010 reiterating Republic's position that AIG was required to review collateral requirements annually. In sum, Spruance's affidavit is inconsistent with the premise that Republic knew there would be no further collateral reviews.

"A misrepresentation in violation of . . . § 20-443 is one that concerns the 'terms' of a policy, its 'benefits' or 'advantages,' or its 'true nature.'"[17] Defendants argue that the statements regarding collateral requirements did not concern the "terms" or "benefits" of the actual insurance policies insofar as "collateral is required to secure Republic's payment obligations and has nothing to do with the actual policies."[18] Republic characterizes a promise to review collateral requirements as a "benefit,"[19] but the court doubts that "benefits" as used in the statute was meant to encompass anything more than the actual benefits under the policy. However, because collateral

---

[14]Doc. 31-1 at 6.

[15]Doc. 54 at 4–5.

[16]Doc. 31-1 at 6.

[17]*Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944–45 (Ariz. Ct. App. 2000).

[18]Doc. 46 at 11.

[19]*See, e.g.*, doc. 47 at 4.

was *required*, the review is correctly viewed as a term of an insurance policy. In other words, because Chartis' statement related to the collateral obligation, one of the terms of the insurance, it falls within the scope of § 20-443.

In summary, this court finds that Republic has pled a viable claim against Chartis. While this court expresses no opinion on the merit of that claim, it does hold that it is not obvious under the law of Arizona that the claim cannot be pursued. Because the complaint states a claim against Chartis, a non-diverse defendant, this court is without subject matter jurisdiction. In keeping with the well recognized proposition that "federal courts are under an independent obligation to examine their own jurisdiction,"[20] this case must be returned to state court whence it came.

## IV. CONCLUSION

For the reasons above, the case is **REMANDED** to the Superior Court of Arizona for Maricopa County.

DATED this 26th day of September 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[20] *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).